LUDWIG, et v. RAYDURE, et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1849. Decided April 11, 1927.

Judges Houck and Lemert, 5th Dist., and Judge Justice, 3rd Dist., sitting.

**297. CONTRACTS—Party entering into contract in face of prohibiting statute, cannot later claim fruits of performance.**

Error to Common Pleas. Judgment affirmed.

**First Publication of this Opinion**

HOUCK, J.

Fred Ludwig, et al., brought suit in the Lucas Common Pleas against W. S. Raydure, et al., claiming that they, as tax specialists were employed by the defendants to formulate a plan acceptable to the United States Internal Revenue Dept. by which to measure the depletion of certain oil wells owned by defendants, and for other incidental services.

Plaintiffs claim that they performed these services but defendants alleged that when the contract was entered into plaintiffs were not enrolled as either attorney or agents in the United States Treasury Department; and further that plaintiffs were, within two years prior to performing the services under the alleged contract, in the employ of the Internal Revenue Department, as agents, inspectors or clerks. Plaintiffs, in their reply, admitted the allegations set forth in the answer of defendants. A motion for judgment on the pleadings was sustained by the trial judge.

Error was prosecuted and the Court of Appeals held:

1. Section 385, US. Comp. Statutes of 1916, found also in Barnes Federal Code, (1919) p. 91, Sec. 293, provides;

"The Secretary of the Treasury may prescribe rules and regulations governing the recognition of agents, attorneys, or other persons representing claimants before his department, and may require such persons, agents or attorneys, before being recognized as representatives of claimants, that they shall show that they are of good moral character and in good repute, possessed of the necessary qualifications to enable them to render valuable service, and otherwise competent to advise and assist such claimants in the prosecution of their causes."

2. The United States Revised Statutes, Sec. 190, provides:

"It shall not be lawful for any person appointed after June 1, 1872, as an officer, clerk, or employee in any of the departments, while he is such officer, clerk or employee, nor in any manner, nor by any means to aid in the prosecution of any such claim, within two years next after he shall have ceased to be such officer, clerk or employee."

3. A party who enters into a contract despite a statute prohibiting it, cannot thereafter claim the fruits of its performance in a court of justice. Massillon Savings & Loan Co. v. Finance Co., 114 OS. 523.

Judgment affirmed.

(Lemert and Justice, JJ., concur).

Attorneys—Charles P. Carroll for Ludwig, et; Wm. H. McLellan, Jr., and F. H. Baldwin for Raydure, et; all of Toledo.